# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4826 | **DATE** | 7/24/2002 |
| **CASE TITLE** | USA, ex rel. James Wesley vs. James A. Chrans | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Petitioner's motion to appoint counsel (Doc. No. 26-1) is denied and his petition for writ of habeas corpus is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | JUL 25 2002 | | |
| ✓ | Notices mailed by judge's staff. | | date docketed | | 28 |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 7/24/2002 date mailed notice | | |
| ETV | courtroom deputy's initials | 02 JUL 24 PM 5:32 Date/time received in central Clerk's Office | ETV mailing deputy initials | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel., JAMES WESLEY, | ) ) ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 00 C 4826 |
| JAMES A. CHRANS, | ) ) ) | Judge Rebecca R. Pallmeyer |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner James Wesley was convicted on March 7, 1997, following a bench trial, of first degree murder and unlawful use of a weapon. Based on the testimony of a single eyewitness, the victim's father, the court found Petitioner guilty of shooting James Gooden Jr. to death at the front door of Gooden's house. Wesley filed a petition for writ of habeas corpus with this court on August 7, 2000. Respondent moved to dismiss the entire petition as untimely. In an earlier decision, *Wesley v. Chrans*, No. 00-cv-4826, 2001 WL 1155260 (N.D. Ill. Sept. 28, 2001), the court concluded that four of Petitioner's six claims survived the timeliness challenge, but dismissed the other two claims for Petitioner's failure to exhaust them in state court. The court ordered Respondent to answer the four remaining claims, and Petitioner has moved for appointment of counsel. For the reasons discussed below, the court concludes that Petitioner is not entitled to habeas relief. The court further finds that the assistance of an attorney at this point would not change that result. Accordingly, Petitioner's motion for appointment of counsel and petition for writ of habeas corpus are denied.

The factual background of this case is fully set forth in this court's earlier decision noted above, at 2001 WL 1155260. As such, the court will not repeat the facts here, but presumes familiarity with that background.



## DISCUSSION

**Standards of Review**

Section 2254 of the Anti-Terrorism and Effective Death Penalty Act entitles a prisoner to a writ of habeas corpus if he is being held pursuant to a state court judgment obtained in violation of the Constitution. 28 U.S.C. § 2254; *Williams v. Taylor*, 529 U.S. 362, 375 (2000); *Lowery v. Anderson*, 225 F.3d 833, 838 (7th Cir. 2000). With respect to any claim that was adjudicated on the merits in state court proceedings, a federal court will not grant a writ of habeas corpus unless that state decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1) & (2); *Winters v. Miller*, 274 F.3d 1161, 1165 (7th Cir.2001); *Hough v. Anderson*, 272 F.3d 878, 889 (7th Cir.2001).

**Insufficiency of the Evidence**

Petitioner's first and fourth claims both assert that the evidence presented against him at trial was insufficient to prove him guilty beyond a reasonable doubt.[1] Because the Illinois Appellate Court considered and rejected this argument on its merits, this court will not grant habeas relief unless the Appellate Court's decision was either contrary to, or an unreasonable application of, federal law, or was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(1) & (2). Petitioner did not attempt to show that the decision was contrary to federal law. Instead, he focused on the peculiar fact that the only eyewitness to the crime (the victim's father), who was personally acquainted with Petitioner, nevertheless provided only a

---

[1] In his first claim, Petitioner explicitly asserted that he was not proven guilty beyond a reasonable doubt. In the fourth claim, he focused on the "numerous inconsistencies in the witness's testimony," but insisted that they rendered the identification "'vague and doubtful,' and therefore insufficient to prove [Petitioner] guilty beyond a reasonable doubt."

2

physical description and did not identify Petitioner by name when initially contacted by police. Petitioner argued at length that the father's familiarity with Petitioner rendered the father's initial failure to give the police the Petitioner's name irreparably damaging to the father's subsequent identifications of Petitioner from a photo array and a line-up.[2] (Petition.)

As the Appellate Court correctly observed, the "testimony of a single eyewitness is sufficient to support a conviction provided that the witness had the opportunity to view the accused under circumstances permitting a positive identification." *People of the State of Illinois v. James Wesley*, No. 1-97-2136, at 6 (Ill. App. Ct. 1st Dist., October 9, 1998), Exhibit C to Respondent's Answer, citing *People v. Slim*, 127 Ill. 2d 302, 307-08, 537 N.E.2d 317, 319 (1989). That court noted that the victim's father had a "clear daylight view of defendant through a window," and "observed defendant walk to his door at moments before decedent answered the door. . . ." *Wesley* at 6, Exhibit C to Respondent's Answer. It further pointed out that the victim's father had positively identified Petitioner from a photograph within three days of the crime, then from a lineup a few days later, and again at trial. *Id.* Plaintiff contends that the trial and appellate courts should not have credited the witness's testimony, but these protests are insufficient to establish that constitutional error or misapplication of federal law occurred when they did credit his testimony. Because the testimony of one eyewitness can sustain a conviction, Petitioner's challenge to the sufficiency of the evidence is unavailing.

**Suggestive Line-up**

The victim's father positively identified Petitioner as the shooter in three separate line-ups. Petitioner insists that the procedures used in these line-ups were prejudicial to him and therefore, its results should not have been admitted at trial. Petitioner claims that he was the only bald man in the line-ups, and that while all of the other participants wore street clothes, he was forced to

---

[2] Respondent has not offered any explanation for the victim's father's initial failure to specify that Petitioner was the shooter.

3

remain clothed in a "hospital issued white paper suit."[3] (Petition.) He further asserts that he was the only individual in the line-ups whose photograph was also in the photo array that the police previously showed to the victim's father. (Petition.)

The Illinois Appellate Court considered and rejected this claim on its merits, and again, Petitioner does not argue that the decision was contrary to or an unreasonable application of federal law. That court applied the totality of the circumstances test to determine whether the pretrial line-ups were unnecessarily suggestive and conducive to irreparably mistaken identification. *Wesley* at 5, Exhibit C to Respondent's Answer. This is the same test applied by the United States Supreme Court in these circumstances. *Manson v Brathwaite*, 432 U.S. 98 (1977). The Appellate Court observed that the white outfit was the only characteristic distinguishing Petitioner from the other individuals in the line-up, and concluded that this did not render the line-ups unduly suggestive. *Wesley* at 6, Exhibit C to Respondent's Answer. Further, the Appellate Court considered that Petitioner had less hair than the others in the line-ups, and pointed out that during two of the three separate line-ups (from each of which the victim's father selected Petitioner), the men all wore baseball caps. *Id.* at 4. The Appellate Court included in its discussion each of the factors that Petitioner raises -- that he was the only bald man, the only man wearing a paper suit, and the only individual whose picture was included in the earlier photo array -- but also noted that all of the men were approximately the same height, weight and complexion. *Id.* at 4-5. While the court reached a different conclusion than Petitioner's, Petitioner has not shown, nor does there appear to be a basis to show, that the conclusion was contrary to or an unreasonable application of federal law, or that the result was an unreasonable determination of the facts in light of the evidence.

---

[3] It is not clear from the record why Petitioner wearing a "hospital issued white paper suit" at the time of the line-ups, nor is it clear whether he wore the white suit in each of the three line-ups.

4

**Other Crimes Evidence**

Petitioner argues that the trial court erroneously allowed other crimes evidence when it allowed testimony that Petitioner and another male came to the victim's house approximately one week prior to the murder, asked for the victim, and attempted to force their way into the home. (Petition.) The Appellate Court either missed the gist of Petitioner's claim or implicitly rejected it, because it made no specific mention of the attempted forced entry one week before the murder. Instead, with respect to other crimes evidence, the court only confirmed that the admission of Petitioner's prior felony convictions was not error. *Wesley* at 5, Exhibit C to Respondent's Answer. Petitioner, on the other hand, focused on the lack of evidence that he was one of the individuals involved in the attempted home invasion. (Petition.)

The court agrees with Respondent that even addressed *de novo*, this claim does not warrant relief. The United States Supreme Court has repeatedly held that prior crimes evidence cannot be introduced to show a defendant's bad character and propensity to commit crimes, but such evidence can be used to establish more specific elements such as intent. *Estelle v. McGuire*, 502 U.S. 62, 68-69 (1991) (evidence that child murder victim suffered from "battered child syndrome" relevant to show that the child had not suffered injuries by accidental means, and therefore admissible to show intent element of murder charge, but not to show identification of killer). Plaintiff acknowledges that the trial judge admitted the evidence for the express purpose of establishing intent, not for purposes of identification or to show his propensity to commit crimes. (Petition.) Petitioner nevertheless insists that there was no evidence that he was one of the men that came to the victim's house looking for him a week prior to the murder, but this court disagrees: as Petitioner himself admitted, the victim's mother testified that she saw Petitioner in a red car in front of the home on that occasion. (Petition.) The trial court evaluated the credibility of the victim's mother's identification of Petitioner, and credited that testimony. (Motion to Withdraw as Appointed

Counsel on Appeal Based upon *Anders v. California*, Exhibit A to Respondent's Answer). Supreme Court precedent is clear that evidence of a defendant's prior acts is properly admitted to show intent; Petitioner's challenge to the sufficiency of the evidence does not change the fact that it was properly admitted for this purpose.

**Motion for Appointment of Counsel**

Prior to reaching the above conclusions on the merits of Petitioner's claims, the court considered whether the assistance of an attorney might have been warranted. Whether to appoint counsel for Petitioner in this civil suit is a matter within this court's discretion. *See Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). An exception to the court's discretion exists when an evidentiary hearing is required, see Rule 8(c) Rules Governing Section 2254 Cases in the United States District Courts, but that exception does not apply here. In deciding whether to exercise discretion in favor of appointing counsel, the court noted, first, that the issues presented in Wesley's petition did not require particularly complete or detailed legal research. Petitioner's filings with the court have been competently and clearly written. The court considers, further, whether petitioner would have a reasonable chance of success if a lawyer were appointed. *Dellenbach v. Hanley*, 76 F.3d 820, 823 (7th Cir. 1996). In this case, this factor is determinative. The court concludes Petitioner's claims will not succeed even if presented by a trained advocate.

## CONCLUSION

Petitioner's motion to appoint counsel (Doc. No. 26-1) is denied and his petition for writ of habeas corpus is dismissed.

ENTER:

Dated: July 24, 2002

REBECCA R. PALLMEYER
United States District Judge